**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 Cases |
| CHS FL, LLC, *et al.*,[1] | Case No. 26-01087-FMR |
| Debtors. | Jointly Administered |

**GLOBAL NOTES, STATEMENT OF LIMITATIONS,**
**AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES**
**OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above-captioned debtors and debtors-in-possession (the "**Debtors**"), with the assistance of their advisors, have filed their Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**" and together with the Schedules, the "**Schedules and Statements**") with the United States Bankruptcy Court for the Middle District of Florida (the "**Bankruptcy Court**") pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes, Statement of Limitations, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of, the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of the Debtors (whether publicly filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable efforts to report the assets and liabilities of the Debtors.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. The preparation of the Schedules and Statements required the Debtors to make estimates and assumptions that affect the reported amounts of assets, liabilities, revenue and expenses. Although the Debtors have made

---

[1] The address of the Lead Debtor is 3357 Tamiami Trail East, Naples, FL 34112. The last four digits of the Debtors' federal tax identification numbers are: (i) CHS FL, LLC (5547); (ii) CHS TX, Inc. (5886); (iii) CHS AL, LLC (0801); (iv) YesCare Corp. (5961); (v) CHS Care NY, LLC (4573); (vi) Corizon Health of New Mexico, LLC (4760); and (vii) CHS Care TX, LLC (6583).

111854720.1

reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements.

The Debtors and their officers, employees, agents, attorneys, and advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by any act or omission, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements. Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys, and advisors expressly do not undertake any obligation to update, modify, revise or recategorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or recategorized.

James Sprouse, the Debtors' chief financial officer, has signed the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Sprouse has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Mr. Sprouse has not (and could not have) personally verified the accuracy of each and every statement and representation. Neither the Schedules and Statements, nor the Global Notes, should be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtors.

## Global Notes Overview and Methodology

1.      **Reservation of Rights.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist and certain amounts reflect estimates and assumptions that are subject to revision based on future facts, circumstances, and information that become available over time. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate to (including, without limitation): (a) amend the Schedules and Statements with respect to the description or designation of any "claim" asserted against one or more Debtors (as defined in section 105 of the Bankruptcy Code, a "**Claim**"); (b) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (c) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" and/or (d) object to the extent, validity, enforceability, priority, or avoidability of any Claim). Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or any other Debtor. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.

The listing in the Schedules and Statements (including, without limitation, Schedule A/B and Schedule E/F) by the Debtors of any obligation between the Debtors and a third party is a

2

111854720.1

statement of what appears in the Debtors' books and records and may not accurately reflect whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations. For example, listing a Claim (i) in Schedule D as "secured," (ii) in Schedule E as "priority" or (iii) in Schedule F as "unsecured nonpriority," or listing a contract in Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' right to recharacterize or reclassify such Claim or contract.

Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements except as may be required by applicable law.

2. **Redacted Confidential Information.** On June 8, 2026, the Bankruptcy Court entered the *Order Granting Debtors' Expedited Motion for Entry of an Order (I) Authorizing the Debtors to (A) File a Consolidated Creditor Matrix, and (B) A Consolidated List of the Top Thirty Unsecured Creditors; (II) Authorizing the Debtors to Suppress Certain Personally Identifiable Information for Individual Creditors, Employees and Parties in Interest, and (III) Granting Related Relief* [Docket No. 178] (the "**Matrix Order**"). Pursuant to the Matrix Order, the Debtors have redacted the home addresses of all individuals (including employees) on their Schedules and Statements and have filed separate Schedules under seal with the Bankruptcy Court.

3. **Description of Case and "as of" Information Date.** On May 8 and May 13, 2026 (the "**Petition Dates**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court. Debtor YesCare Corp. is the parent and direct or indirect owner of the remaining Debtors. The Debtors are operating their business and managing their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On May 28, 2026, the United States Trustee appointed the Unsecured Creditors Committee pursuant to Bankruptcy Code section 1102(a)(1). *See* Docket No. 137.

The asset and liability information provided herein represents the asset and liability data of the Debtors as of the Petition Dates, except as otherwise noted. In some instances, the Debtors have used estimates or prorated amounts where actual data as of the Petition Dates was not available.

4. **Intercompany Balances.** The Debtors operate as an integrated enterprise and engage in various intercompany transactions in the ordinary course of business. As a result, the Debtors maintain intercompany receivables, payables, obligations, transfers, and other balances among themselves. The listing of any intercompany claim, receivable, payable, or obligation in the Schedules and Statements is based upon the Debtors' books and records as of the Petition Dates and is provided for informational purposes only. The Debtors have not completed a full reconciliation of all intercompany accounts and reserves all rights to amend, modify, reconcile, recharacterize, reclassify, offset, eliminate, or otherwise adjust any intercompany balance, transaction, or obligation. Nothing contained in the Schedules and Statements shall constitute an admission regarding the validity, priority, enforceability, allowance, characterization, ownership, or amount of any intercompany claim or obligation. The Debtors reserve all rights to assert that

3

any intercompany claim or obligation should be recharacterized, subordinated, disallowed, eliminated, set off, or otherwise treated differently than reflected in the Schedules and Statements, including in connection with any chapter 11 plan, substantive consolidation analysis, claims reconciliation process, or other proceeding in these chapter 11 cases.

5.    **Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for each of their property interests. When necessary, the Debtors have indicated that the value of certain assets is "unknown" or "undetermined." Accordingly, unless otherwise indicated, the Schedules and Statements reflect the net book value of the Debtors' assets as of the Petition Dates. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not be reflected in the Schedules and Statements as they have no net book value or have been scheduled as having zero net book value. The Debtors reserve their right to amend or adjust the value of each asset or liability set forth in the Schedules and Statements.

Book values of assets generally do not reflect the current performance of the assets or current market conditions and may differ materially from the actual value and/or performance of the underlying assets. Given the potential for volatility of market value for certain of the assets held by the Debtors, and depreciation, this difference is material. As such, the values listed in these Schedules and Statements cannot be, and were not, used to determine the Debtors' enterprise value.

6.    **Inventory**.  Inventory is reflected as net book value using the lower of cost or net realizable value under the first-in, first-out method of accounting. The Debtors have limited inventory and do not conduct physical inventories as part of their normal policies and procedures.

7.    **Recharacterization.** Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, postemployment benefits, and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Dates and remain executory and unexpired postpetition. Disclosure of information in one or more Schedules, one or more Statement questions, or one or more exhibits or attachments to the Schedules and Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

8.    **Liabilities.** The Debtors have sought to allocate assets and liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all rights to amend, supplement, or otherwise modify their Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under Bankruptcy Code section 503(b)(9). Accordingly, the Debtors reserve all of their rights to dispute

111854720.1

or challenge the validity of any asserted Claims under Bankruptcy Code section 503(b)(9) or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

9.      **Property and Equipment**. Nothing in the Schedules or Statements (including, without limitation, the failure to list leased property or equipment as owned property or equipment) is, or shall be construed as, an admission to the determination of the legal status of any lease (including whether any lease is a true lease or financing arrangement).

10.      **Insiders**. For the purposes of the Schedules and Statements, the Debtors defined "insider" pursuant to Bankruptcy Code section 101(31) as: (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers, or persons in control of the Debtors; and (e) debtor/non-debtor affiliates of the foregoing. The parties identified as "insiders" have been included for informational purposes only and the inclusion of them in the Schedules and Statements shall not constitute an admission that those persons are insiders for purposes of Bankruptcy Code section 101(31). The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws or with respect to any theories of liability or for any other purpose.

11.      **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

12.      **Executory Contracts and Unexpired Leases**. Although the Debtors have made diligent attempts to identify contracts and unexpired leases within the scope of Bankruptcy Code section 365, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the inclusion or exclusion of executory contracts and unexpired leases, including the right to amend Schedule G at any time during the pendency of these chapter 11 cases.

13.      **Classifications**. Listing a Claim, contract or lease on (a) Schedule E/F, Part 1 as "priority unsecured," (b) Schedule E/F, Part 2 as "Non-priority unsecured," or (c) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or leases or to setoff against such Claims.

14.      **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties (collectively, "**Causes of Action**") as assets in the Schedules and Statements, including,

111854720.1

without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any: (a) cause of action (including avoidance actions), (b) controversy, (c) right of setoff, (d) cross-claim, (e) counterclaim, (f) recoupment, and (g) any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Dates, in contract or in tort, in law, or in equity, or pursuant to any other theory of law they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

15. **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

    a.     Undetermined Amounts. The description of an amount as "unknown," "TBD," "undetermined," or similar indication is not intended to reflect upon the materiality of such amount.

    b.     Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

    c.     Liens. The value of assets listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

16. **Estimates**. To prepare and file the Schedules in accordance with the deadline established in the chapter 11 cases, the Debtors' management and advisors were required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

17. **Currency**. All amounts are reflected in U.S. dollars unless otherwise indicated.

18. **Setoffs**. The Debtors periodically incur certain setoffs in the ordinary course of business. Setoffs in the ordinary course can result from various items including, but not limited to customer incentives between the Debtors and their customers. These normal setoffs are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

19. **Global Notes Control**. In the event that the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

111854720.1

**Specific Disclosures with respect to the Debtors' Schedules**

**Schedule A/B**

Part 1, Cash and Cash Equivalents. Cash is listed on Schedule A/B as of the Petition Dates. As described in several pleadings filed with the Bankruptcy Court, the Debtors have each obtained debtor in possession bank accounts since the Petition Dates, but as of the Petition Dates, the Debtors did not have any bank accounts.

Part 10, Intangibles and Intellectual Property.

Patents, Trademarks and/or other Intellectual Property are listed as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

Customer Lists are listed as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

Intangible Assets are listed as an undetermined amount on account of the fact that the fair market value of such intangible items such as Patents and Trade Names is dependent on numerous variables and factors and may differ significantly from their net book value.

Part 11, Item 75 - Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, Including Counterclaims of the Debtor, Rights to Setoff Claims and Intercompany Claims.

Failure to list any contingent and/or unliquidated claim held by the Debtors in response to this question shall not constitute a waiver, release, relinquishment, or forfeiture of such claim. In the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, setoffs, refunds, or other warranty claims. Additionally, the Debtors may be party to pending litigation in which the Debtors have asserted, or the Debtors may assert, claims as a plaintiff or counter-claims as a defendant. Because such claims are unknown to the Debtors and its professionals and not quantifiable as of the Petition Dates, they are not listed in Item 75.

**Schedule D**

The Debtors may not have included on Schedule D all parties that may believe their Claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies and other parties that may hold security deposits.

By listing a party on Schedule D based on a UCC-1 filing, the Debtors are not conceding that such party actually holds a perfected, unavoidable security interest in the asset that is the subject of such filing, and reserves all rights as set forth in these Global Notes.

**Schedule E/F**

7

The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F based upon the Debtors' books and records as of the Petition Dates. Claims listed on Schedule E/F may have been aggregated by creditor name and remittance address and may include several dates of incurrence for the aggregate balance listed.

The Debtors have made reasonable efforts to include all unsecured creditors on Schedule E/F including, but not limited to, trade creditors, consultants, and other service providers; however, the Debtors believe that there may be instances where creditors have yet to provide proper invoices for prepetition goods or services. Although the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and are not attributed to specific vendors. Accordingly, such accruals have not been included on Schedule E/F.

Schedule E/F may reflect the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts or unexpired leases. Additionally, Schedule E/F does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that have been or may be rejected, nor does it reflect applicable statutory caps or defenses to such potential rejection damage Claims.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Dates.

**Schedule G**

Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, the Debtors' review is ongoing at the time of the filing of the Schedules and Statements and inadvertent errors, omissions, or over-inclusion may have occurred in preparing Schedule G.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Dates or is valid or enforceable. The Debtors hereby reserve their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

Certain of the contracts and leases listed on Schedule G may consist of several parts, including purchase orders, amendments, restatements, waivers, letters, and other documents that

111854720.1

may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable or separate contracts or agreements.

Certain confidentiality and non-disclosure agreements may not be listed on Schedule G. The Debtors reserve all rights with respect to such agreements.

The contracts and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. In some cases, the same supplier or provider may appear multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the Debtors and such supplier or provider.

The Debtors reserve all rights, claims, and causes of action with respect to the agreements on Schedule G, including the right to dispute or challenge the characterization of the structure of any transactions or any document or instrument related to a creditor's Claims.

### Specific Disclosures With Respect to the Debtors' Statements

### Statement Item 7- Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

The information provided in response to Item 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum, and does not include receipt of demand letters or legal notices.

### Statement Item 11- Payments related to bankruptcy

All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Dates are listed on the applicable Debtors' response to Item 11 and were also included in the required attorney disclosures.

### Statement Item 16- Personally Identifiable Information

Subject to the Debtors' privacy policy, in the ordinary course of business, the Debtors collect certain customer information from various sources. Examples of the types of information collected by the Debtors include, among other things, names, mailing addresses, telephone numbers, email addresses, and credit card information. The Debtors retain such information as long as is necessary for the Debtors to comply with business, tax, and legal requirements.

111854720.1

10

**Fill in this information to identify the case:**

Debtor name: **CHS Care TX, LLC**

United States Bankruptcy Court for the **MIDDLE** Division, District of **FLORIDA**

Case number (If known): **26-01146-FMR**

☐ **Check if this is an amended filing**

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**12/15**

| Part 1: | Summary of Assets |
| --- | --- |

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from Schedule A/B         $ 40,857.00

    1b. **Total personal property:**
    Copy line 91A from Schedule A/B         $ 304,040.71

    1c. **Total of all property:**
    Copy line 92 from Schedule A/B         $ 344,897.71

| Part 2: | Summary of Liabilities |
| --- | --- |

2. *Schedule D: Creditors Who Have Claims Secured by Property:* (Official Form 206D)
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D      $ 0.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims:* (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of Schedule E/F      $ 0.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F      +     $ 0.00

4. **Total liabilities:**
Lines 2 + 3a + 3b      $ 0.00

**Fill in this information to identify the case:**

Debtor name: CHS Care TX, LLC

United States Bankruptcy Court for the **MIDDLE** Division, District of **FLORIDA**

Case number (If known): 26-01146-FMR

☐ **Check if this is an amended filing**

## Official Form 206A/B

# Schedule A/B: Assets Real and Personal Property

**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

   ☑ No. Go to Part 2.

   ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

2. **Cash on hand**

3. **Checking, savings, money market, or financial brokerage accounts**

4. **Other cash equivalents (Identify all)**

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.      $ 0.00

| Part 2: | Deposits and prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

   ☑ No. Go to Part 3.

   ☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
| --- | --- |

7. **Deposits, including security deposits and utility deposits**

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.      $ 0.00

**Part 3:**        Accounts receivable

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|

11. **Accounts receivable**

11 a. 90 days old or less:    $ 350,912.95    -    $ 87,728.24    = →    $ 263,184.71

   face amount    doubtful or uncollectible accounts

11 b. Over 90 days old:    $ 2,135.24    -    $ 2,135.24    = →    $ 0.00

   face amount    doubtful or uncollectible accounts

12. **Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$ 263,184.71

---

**Part 4:**        Investments

13. **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

17. **Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

$ 0.00

---

**Part 5:**        Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

19. **Raw materials**

20. **Work in progress**

21. **Finished goods, including goods held for resale**

22. **Other inventory or supplies**

23. **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84. | $ 0.00

24. **Is any of the property listed in Part 5 perishable?**

☐ No.

☐ Yes.

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

---

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

28. **Crops-either planted or harvested**

29. **Farm animals Examples: Livestock, poultry, farm-raised fish**

30. **Farm machinery and equipment (Other than titled motor vehicles)**

31. **Farm and fishing supplies, chemicals, and feed**

32. **Other farming and fishing-related property not already listed in Part 6**

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85. | $ 0.00

34. **Is the debtor a member of an agricultural cooperative?**

☐ No.

☐ Yes. Is any of the debtor's property stored at the cooperative?

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No.

☐ Yes. Is any of the debtor's property stored at the cooperative?

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No.

☐ Yes.

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

---

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**39. Office furniture**

**40. Office fixtures**

**41. Office equipment, including all computer equipment and communication systems equipment and software**

| 41.1. | Computer Equipment | $ 26,237.00 | Net Book Value | $ 26,237.00 |
|---|---|---|---|---|
| 41.2. | Medical/Dental Equipment | $ 14,619.00 | Net Book Value | $ 14,619.00 |

**42. Collectibles** Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

**43. Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

| $ 40,856.00 |
|---|

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☑ No.

☐ Yes.

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No.

☐ Yes.

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description Include year, make, mode, and identification numbers (i.e VIN, HIN) | Net book value of debtor's interest (where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

**48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

**49. Aircraft and accessories**

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

| $ 0.00 |
|---|

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No.

☐ Yes.

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

---

## Part 9:    Real property

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| | | | | |
|---|---|---|---|---|
| 55.1. Property and Equipment, net | | $ 40,857.00 | Net Book Value | $ 40,857.00 |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

| $ 40,857.00 |
|---|

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No.

☐ Yes.

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No.

☐ Yes.

---

## Part 10:    Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

60. **Patents, copyrights, trademarks, and trade secrets**

61. **Internet domain names and websites**

| | | | |
|---|---|---|---|
| 61.1. yescarecorp.com | $ Undetermined | Net Book Value | $ Undetermined |

62. **Licenses, franchises, and royalties**

63. **Customer lists, mailing lists, or other compilations**

64. **Other intangibles, or intellectual property**

65. **Goodwill**

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ 0.00

67. **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**

☑ No.

☐ Yes.

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No.

☐ Yes.

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No.

☐ Yes.

---

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

71. **Notes receivable**

72. **Tax refunds and unused net operating losses (NOLs)**

73. **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed Examples: Season tickets, country club membership**

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

$ 0.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80 . Cash, cash equivalents, and financial assets. Copy line 5, Part 1.** | $ 0.00 | |
| **81 . Deposits and prepayments. Copy line 9, Part 2.** | $ 0.00 | |
| **82 . Accounts receivable. Copy line 12, Part 3.** | $ 263,184.71 | |
| **83 . Investments. Copy line 17, Part 4.** | $ 0.00 | |
| **84 . Inventory. Copy line 23, Part 5.** | $ 0.00 | |
| **85 . Farming and fishing-related assets.Copy line 33, Part 6.** | $ 0.00 | |
| **86 . Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7.** | $ 40,856.00 | |
| **87 . Machinery, equipment, and vehicles. Copy line 51, Part 8.** | $ 0.00 | |
| **88 . Real property. Copy line 56, Part 9.** | | $ 40,857.00 |
| **89 . Intangibles and intellectual property.Copy line 66, Part 10.** | Undetermined | |
| **90 . All other assets. Copy line 78, Part 11.** | $ 0.00 | |
| **91 . Total. Add lines 80 through 90 for each column.** | 91a.    $ 304,040.71 | + 91b.    $ 40,857.00 |
| **92 . Total of all property on Schedule A/B. Lines 91a + 91b = 92** | | 344,897.71 |

| Fill in this information to identify the case: |
|---|
| Debtor name: **CHS Care TX, LLC** |
| United States Bankruptcy Court for the **MIDDLE** Division, District of **FLORIDA** |
| Case number (If known): **26-01146-FMR** |

☐ **Check if this is an amended filing**

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

**12/15**

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐  No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑  Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | **Column A**<br>Amount of claim<br>Do not deduct the value of collateral | **Column B**<br>Value of collateral that supports this claim |
|---|---|---|---|
| **2.1 Creditor's name**<br>Sunz Insurance Solutions, LLC<br>**Creditor's mailing address**<br>1301 6th Ave W<br>Bradenton, FL 34205<br>**Creditor's email address, if known**<br><br>**Date debt was incurred**<br>**Last 4 digits of account number** __ __ __ __<br>**Do multiple creditors have an interest in the same property?**<br>☑  No.<br>☐  Yes. Have you already specified the relative priority?<br> ☐  No. Specify each creditor, including this creditor, and its relative priority.<br> ☐  Yes. The relative priority of creditors is specified on lines | **Describe debtor's property that is subject to a lien**<br>All personal property of Debtor including, without limitation: Accounts; Chattel Paper; Commercial Tort Claims; Documents; General Intangibles (including Payment Intangibles); Goods (including Inventory and Equipment); Instruments; Insurance; Intellectual<br>**Describe the lien**<br>UCC-1 Financing Statement No. 230053595951 filed 12/08/2023 with Texas — Secretary of State (Workers' Compensation Insurance Program Security Agreement)<br>**Is the creditor an insider or related party?**<br>☑  No.<br>☐  Yes.<br>**Is anyone else liable on this claim?**<br>☐  No.<br>☑  Yes. Fill out Schedule H. Codebtors (Official Form 206H).<br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☐  Contingent<br>☑  Unliquidated<br>☐  Disputed | Undetermined | Undetermined |
| **2.2 Creditor's name**<br>Sunz Insurance Solutions, LLC<br>**Creditor's mailing address**<br>1301 6th Ave W<br>Bradenton, FL 34205<br>**Creditor's email address, if known**<br><br>**Date debt was incurred**<br>**Last 4 digits of account number** __ __ __ __<br>**Do multiple creditors have an interest in the same property?**<br>☑  No.<br>☐  Yes. Have you already specified the relative priority?<br> ☐  No. Specify each creditor, including this creditor, and its relative priority.<br> ☐  Yes. The relative priority of creditors is specified on lines | **Describe debtor's property that is subject to a lien**<br>All personal property of Debtor including, without limitation: Accounts; Chattel Paper; Commercial Tort Claims; Documents; General Intangibles (including Payment Intangibles); Goods (including Inventory and Equipment); Instruments; Insurance; Intellectual<br>**Describe the lien**<br>UCC-1 Financing Statement No. 240007704812 filed 01/31/2024 with Texas — Secretary of State (Workers' Compensation Insurance Program Security Agreement)<br>**Is the creditor an insider or related party?**<br>☑  No.<br>☐  Yes.<br>**Is anyone else liable on this claim?**<br>☐  No.<br>☑  Yes. Fill out Schedule H. Codebtors (Official Form 206H).<br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☐  Contingent<br>☑  Unliquidated<br>☐  Disputed | Undetermined | Undetermined |

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** — $0.00

| Official Form 206D | Schedule D: Creditors Who Have Claims Secured by Property | Page 1 of 3 |
|---|---|---|

Debtor    CHS Care TX *Name* *Case number (if known)* 2:26-bk-01146-FMR

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|

| | | |
|---|---|---|

**Part 1:**      **Additional Page**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | | Undetermined | Undetermined |
|---|---|---|---|

**2.3** **Creditor's name**
Sunz Insurance Solutions, LLC
**Creditor's mailing address**
1301 6th Ave W
Bradenton, FL 34205
**Creditor's email address, if known**

_____

  **Date debt was incurred** _____

  **Last 4 digits of account number** __ __ __ __

**Do multiple creditors have an interest in the same property?**
☑ No.
☐ Yes. Have you already specified the relative priority?
  ☐ No. Specify each creditor, including this creditor, and its relative priority.
  ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**
All personal property of Debtor including, without limitation: Accounts; Chattel Paper; Commercial Tort Claims; Documents; General Intangibles (including Payment Intangibles); Goods (including Inventory and Equipment); Instruments; Insurance; Intellectual

**Describe the lien**
UCC-1 Financing Statement No. 250003588334 filed 01/27/2025 with Texas — Secretary of State (Workers' Compensation Insurance Program Security Agreement)

**Is the creditor an insider or related party?**
☑ No.
☐ Yes.

**Is anyone else liable on this claim?**
☐ No.
☑ Yes. Fill out Schedule H. Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☑ Unliquidated
☐ Disputed

| Official Form 206D | Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property** | Page 2 of 3 |
|---|---|---|

Debtor    CHS Care TX    _Case number (if known)_ 2:26-bk-01146-FMR
Name

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|

<table>
<tr><td><b>Fill in this information to identify the case:</b></td></tr>
</table>

Debtor name: **CHS Care TX, LLC**

United States Bankruptcy Court for the **MIDDLE** Division, District of **FLORIDA**

Case number (If known): **26-01146-FMR**

☐ **Check if this is an amended filing**

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1: List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1

|  | | Total Claim | Priority Amount |
|---|---|---|---|
| **2.1** **Priority creditor's name and mailing address** <br> **Date or dates debt was incurred** <br><br> **Last 4 digits of account number** __ __ __ __ <br><br> Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) _____ | **As of the petition filing date, the claim is:** <br> Check all that apply. <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br> **Basis of claim:** <br> **Is the claim subject to offset?** <br> ☑ No. <br> ☐ Yes. | | |
| **2.2** **Priority creditor's name and mailing address** <br> **Date or dates debt was incurred** <br><br> **Last 4 digits of account number** __ __ __ __ <br><br> Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) _____ | **As of the petition filing date, the claim is:** <br> Check all that apply. <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br> **Basis of claim:** <br> **Is the claim subject to offset?** <br> ☑ No. <br> ☐ Yes. | | |
| **2.3** **Priority creditor's name and mailing address** <br> **Date or dates debt was incurred** <br><br> **Last 4 digits of account number** __ __ __ __ <br><br> Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) _____ | **As of the petition filing date, the claim is:** <br> Check all that apply. <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br> **Basis of claim:** <br> **Is the claim subject to offset?** <br> ☑ No. <br> ☐ Yes. | | |
| **2.4** **Priority creditor's name and mailing address** <br> **Date or dates debt was incurred** <br><br> **Last 4 digits of account number** __ __ __ __ <br><br> Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) _____ | **As of the petition filing date, the claim is:** <br> Check all that apply. <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br> **Basis of claim:** <br> **Is the claim subject to offset?** <br> ☑ No. <br> ☐ Yes. | | |
| **2.5** **Priority creditor's name and mailing address** <br> **Date or dates debt was incurred** <br><br> **Last 4 digits of account number** __ __ __ __ <br><br> Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) _____ | **As of the petition filing date, the claim is:** <br> Check all that apply. <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br> **Basis of claim:** <br> **Is the claim subject to offset?** <br> ☑ No. <br> ☐ Yes. | | |

Debtor    CHS Care TX    _____    _Case number (if known)_ 2:26-01146-FMR
                Name

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2

**3.1** **Nonpriority creditor's name and mailing address**
None
**Date or dates debt was incurred**    _____
**Last 4 digits of account number**    __ __ __ __

As of the petition filing date, the claim is:    _____
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis of claim:**
**Is the claim subject to offset?**
☑ No.
☐ Yes.

**3.2** **Nonpriority creditor's name and mailing address**
**Date or dates debt was incurred**    _____
**Last 4 digits of account number**    __ __ __ __

As of the petition filing date, the claim is:    _____
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis of claim:**
**Is the claim subject to offset?**
☑ No.
☐ Yes.

**3.3** **Nonpriority creditor's name and mailing address**
**Date or dates debt was incurred**    _____
**Last 4 digits of account number**    __ __ __ __

As of the petition filing date, the claim is:    _____
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis of claim:**
**Is the claim subject to offset?**
☑ No.
☐ Yes.

**3.4** **Nonpriority creditor's name and mailing address**
**Date or dates debt was incurred**    _____
**Last 4 digits of account number**    __ __ __ __

As of the petition filing date, the claim is:    _____
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis of claim:**
**Is the claim subject to offset?**
☑ No.
☐ Yes.

**3.5** **Nonpriority creditor's name and mailing address**
**Date or dates debt was incurred**    _____
**Last 4 digits of account number**    __ __ __ __

As of the petition filing date, the claim is:    _____
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis of claim:**
**Is the claim subject to offset?**
☑ No.
☐ Yes.

**3.6** **Nonpriority creditor's name and mailing address**
**Date or dates debt was incurred**    _____
**Last 4 digits of account number**    __ __ __ __

As of the petition filing date, the claim is:    _____
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis of claim:**
**Is the claim subject to offset?**
☑ No.
☐ Yes.

**3.7** **Nonpriority creditor's name and mailing address**
**Date or dates debt was incurred**    _____
**Last 4 digits of account number**    __ __ __ __

As of the petition filing date, the claim is:    _____
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis of claim:**
**Is the claim subject to offset?**
☑ No.
☐ Yes.

**3.8** **Nonpriority creditor's name and mailing address**

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

As of the petition filing date, the claim is:
Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis of claim:**

**Is the claim subject to offset?**

☑ No.
☐ Yes.

---

Official Form 206E/F                **Schedule E/F: Creditors Who Have Unsecured Claims**                Page 2 of 4

**3.8** **Nonpriority creditor's name and mailing address**

**Date or dates debt was incurred**

**Last 4 digits of account number**

As of the petition filing date, the claim is:
Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis of claim:**

**Is the claim subject to offset?**

**Part 3:**    **List Others to Be Notified About Unsecured Claims**

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

  If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1 | Line ____<br>☐ Not listed. Explain | _ _ _ _ |
| 4.2 | Line ____<br>☐ Not listed. Explain | _ _ _ _ |
| 4.3 | Line ____<br>☐ Not listed. Explain | _ _ _ _ |
| 4.4 | Line ____<br>☐ Not listed. Explain | _ _ _ _ |
| 4.5 | Line ____<br>☐ Not listed. Explain | _ _ _ _ |
| 4.6 | Line ____<br>☐ Not listed. Explain | _ _ _ _ |
| 4.7 | Line ____<br>☐ Not listed. Explain | _ _ _ _ |
| 4.8 | Line ____<br>☐ Not listed. Explain | _ _ _ _ |
| 4.9 | Line ____<br>☐ Not listed. Explain | _ _ _ _ |
| 4.10 | Line ____<br>☐ Not listed. Explain | _ _ _ _ |
| 4.11 | Line ____<br>☐ Not listed. Explain | _ _ _ _ |
| 4.12 | Line ____<br>☐ Not listed. Explain | _ _ _ _ |
| 4.13 | Line ____<br>☐ Not listed. Explain | _ _ _ _ |
| 4.14 | Line ____<br>☐ Not listed. Explain | _ _ _ _ |
| 4.15 | Line ____<br>☐ Not listed. Explain | _ _ _ _ |
| 4.16 | Line ____<br>☐ Not listed. Explain | _ _ _ _ |
| 4.17 | Line ____<br>☐ Not listed. Explain | _ _ _ _ |
| 4.18 | Line ____<br>☐ Not listed. Explain | _ _ _ _ |
| 4.19 | Line ____<br>☐ Not listed. Explain | _ _ _ _ |

Debtor    CHS Care TX    _Case number (if known)_ 2:26-bk-01146-FMR
Name

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

|  |  |  | Total of claim amounts |
|---|---|---|---|
| 5.a **Total claims from Part 1.** | 5a | | $0.00 |
| 5.b **Total claims from Part 2.** | 5b | + | $0.00 |
| 5.c **Total of Parts 1 and 2** <br> Lines 5a + 5b = 5c | 5c | + | $0.00 |

**Fill in this information to identify the case:**

Debtor name: **CHS Care TX, LLC**

United States Bankruptcy Court for the **MIDDLE** Division, District of **FLORIDA**

Case number (If known): **26-01146-FMR**

☐ **Check if this is an amended filing**

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**1. Does the debtor have any executory contracts or unexpired leases?**

☐  No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑  Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| **2.1** | **State what the contract or lease is for and the nature of the debtor's interest** | Inmate Medical Services Contract | Ellis County, Texas<br>Attn: Indigent Health Care Director<br>207 S Sonoma Trl<br>Ennis, TX 75119 |
| | **State the term remaining** | 12/13/2024 | |
| | **List the contract number of any government contract** | | |
| **2.2** | **State what the contract or lease is for and the nature of the debtor's interest** | Second Amended & Restated Services Agreement dated 2/1/2024 by & among CHS Care TX, LLC, Quality Correctional Care of Texas, P.C. & Glenda Newell-Harris, M.D.; Share Restriction Agreement dated 2/1/2024 by & among CHS Care TX, LLC, Quality Correctional Ca | Quality Correctional Care of Texas, PA<br>Attn: Glenda Newell-Harris, MD<br>4083 Sequoyah Rd<br>Oakland, CA 94605 |
| | **State the term remaining** | Perpetual until terminated | |
| | **List the contract number of any government contract** | | |

| Official Form 206G | Schedule G: Executory Contracts and Unexpired Leases | Page 1 of 1 |
|---|---|---|

**Fill in this information to identify the case:**

Debtor name: **CHS Care TX, LLC**

United States Bankruptcy Court for the **MIDDLE** Division, District of  **FLORIDA**

Case number (If known): **26-01146-FMR**

☐ **Check if this is an amended filing**

Official Form 206H

# Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebetors?**

☑   No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☐   Yes.

2.   **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G**
Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |

Debtor name: **CHS Care TX, LLC**

United States Bankruptcy Court for the **MIDDLE** Division, District of **FLORIDA**

Case number (If known): **26-01146-FMR**

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- [✔] *Schedule A/B: Assets-Real and Personal Property* (Official Form 206 A/B)
- [✔] *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206 D)
- [✔] *Schedule E/F: Creditors Who Have Claims Unsecured Claims* (Official Form 206 E/F)
- [✔] *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206 G)
- [✔] *Schedule H: Codebtors* (Official Form 206 H)
- [✔] *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- [ ] *Amended Schedule*

- [ ] *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- [ ] *Other document that requires a declaration*

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on: | 06/23/2026 | Signature | /s/ James T. Sprouse |
|---|---|---|---|
| | MM / DD / YYYY | | |
| | | Printed Name | James T. Sprouse |
| | | Title | Chief Financial Officer |

**Fill in this information to identify the case:**

Debtor name: **CHS Care TX, LLC**

United States Bankruptcy Court for the **MIDDLE** Division, District of **FLORIDA**

Case number (If known): **26-01146-FMR**

☐ **Check if this is an amended filing**

Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

**04/25**

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
| --- | --- |

1. **Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
| --- | --- | --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From | 01/01/2026<br><small>MM / DD /YYYY</small> | to 05/08/2026<br><small>MM / DD /YYYY</small> | ☑ Operating a business<br>☐ Other | $ 1,489,893.00 |
| **For prior year:** | From | 01/01/2025<br><small>MM / DD /YYYY</small> | to 12/31/2025<br><small>MM / DD /YYYY</small> | ☑ Operating a business<br>☐ Other | $ 4,577,881.00 |
| **For the year before that:** | From | 01/01/2024<br><small>MM / DD /YYYY</small> | to 12/31/2024<br><small>MM / DD /YYYY</small> | ☑ Operating a business<br>☐ Other | $ 8,328,364.00 |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ **None**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 04/01/2028 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☑ **None**

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 04/01/2028 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31)

   ☑ **None**

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6

   ☑ **None**

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt

   ☑ **None**

| Part 3: | Legal Actions or Assignments |
|---|---|

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case

   ☑ **None**

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case

   ☑ **None**

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

   ☑ **None**

| Part 5: | Certain Losses |
|---|---|

10. **All losses from fire, theft, or other casualty within 1 year before filing this case**

    ☑ **None**

| Part 6: | Certain Payments or Transfers |
|---|---|

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

    ☐ **None**

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

**11.1** FIA Capital Partners, LLC        02/27/2026    $65,000.00

**Addresses**

Street

3284 N 29th Ct

| Hollywood | CA | 33021 |
|---|---|---|
| City | State | ZIP Code |

**Email or website addresses**
www.fiacp.com

**Who made the payment, if not debtor?**
FIA Capital Partners, LLC

**11.2** FIA Capital Partners, LLC        03/20/2026    $25,000.00

**Addresses**

Street

3284 N 29th Ct

| Hollywood | CA | 33021 |
|---|---|---|
| City | State | ZIP Code |

**Email or website addresses**
www.fiacp.com

**Who made the payment, if not debtor?**
FIA Capital Partners, LLC

**11.3** Omni Agent Solutions, Inc.        05/08/2026    $25,000.00

**Addresses**

Street

5955 De Soto Ave, Ste 100

| Woodland Hills | CA | 33021 |
|---|---|---|
| City | State | ZIP Code |

**Email or website addresses**
omniagentsolutions.com

**Who made the payment, if not debtor?**
FIA Capital Partners, LLC

**11.4** Polsinelli PC        05/07/2026    $250,000.00

**Addresses**

Street

600 Third Avenue, 42nd Floor

| New York | NY | 10016 |
|---|---|---|
| City | State | ZIP Code |

**Email or website addresses**
polsinelli.com

**Who made the payment, if not debtor?**
FIA Capital Partners, LLC

---

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device. Do not include transfers already listed on this statement.

    ☑ **None**

---

13. **Transfers not already listed on this statement**
    List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

    ☑ **None**

---

| Part 7: | Previous Locations |
|---|---|

14. **Previous addresses**
    List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

    ☑ **None**

**Part 8:**  **Health Care Bankruptcies**

15. **Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
--- diagnosing or treating injury, deformity, or disease, or
--- providing any surgical, psychiatric, drug treatment, or obstetric care?
☐ **None**

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| **15.1** Ellis County Jail <br> Facility name <br> 300 S Jackson St <br> Street <br> Waxahachie    TX    75165 <br> City    State    ZIP Code | Healthcare Provider for Correctional Facilities <br> **Location where patient records are maintained** *(if different from facility address). If electronic, identify any service provider.* | **How are records kept?** <br> *Check all that apply* <br> ☐ Electronically <br> ☐ Paper |
| **15.2** Harris County Jail/Harris Health System <br> Facility name <br> 700 N San Jacinto St <br> Street <br> Houston    TX    77002 <br> City    State    ZIP Code | Healthcare Provider for Correctional Facilities <br> **Location where patient records are maintained** *(if different from facility address). If electronic, identify any service provider.* | **How are records kept?** <br> *Check all that apply* <br> ☐ Electronically <br> ☐ Paper |

**Part 9:**  **Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**
☐ No. Go to Part 9
☑ Yes. State the nature of the information collected and retained. Name, facility, medical record
   **Does the debtor have a privacy policy about that information?**
   ☐ No
   ☑ Yes

*See Global Notes*

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**
☑ No. Go to Part 10
☐ Yes. Does the debtor serve as plan administrator?

**Part 10:**  **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred? Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ **None**

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ **None**

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ **None**

**Part 11:**  **Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**

☑ **None**

**Part 12:** Details About Environmental Information

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**
☑ No.
☐ Yes. Provide details below

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**
☑ No.
☐ Yes. Provide details below

24. **Has the debtor notified any governmental unit of any release of hazardous material?**
☑ No.
☐ Yes. Provide details below

**Part 13:** Details About the Debtor's Business or Connections to Any Business

25. **Other businesses in which the debtor has or has had an interest**
☑ **None**

26. **Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ **None**

26a.1.

| Name and address | | | Dates of service | | |
|---|---|---|---|---|---|
| James T. Sprouse | | | From | Greater than prior 2 years | To Present |
| Name | | | | | |
| 205 Powell Place, Ste 104 | | | | | |
| Street | | | | | |
| Brentwood | TN | 37027 | | | |
| City | State | ZIP Code | | | |
| | | | | | |
| Country | | | | | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.
☐ **None**

26b.1.

| Name and address | | | Dates of service | | |
|---|---|---|---|---|---|
| Saul Freedman & Co | | | From | 2023 | To Present |
| Name | | | | | |
| 1333 60th St | | | | | |
| Street | | | | | |
| Brooklyn | NY | 11219 | | | |
| City | State | ZIP Code | | | |
| | | | | | |
| Country | | | | | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.
☐ **None**

26c.1.

| Name and address | | | If any books of account and records are unavailable, explain why |
|---|---|---|---|
| YesCare, c/o James T. Sprouse | | | |
| Name | | | |
| 205 Powell Place, Ste 104 | | | |
| Street | | | |
| Brentwood | TN | 37027 | |
| City | State | ZIP Code | |
| | | | |
| Country | | | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.
☑ **None**

27. **Inventories**
☑ No.
☐ Yes. Give the details about the two most recent inventories.

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Yitzchok Lefkowitz | 205 Powell Place, Ste 104, Brentwood, TN 37027 | Board Member | |
| Jeffrey Sholey | 205 Powell Place, Ste 104, Brentwood, TN 37027 | Chief Executive Officer | |
| James T. Sprouse | 205 Powell Place, Ste 104, Brentwood, TN 37027 | Chief Financial Officer | |
| Scott King | 205 Powell Place, Ste 104, Brentwood, TN 37027 | Chief Legal Officer | |
| David Goldwasser | 205 Powell Place, Ste 104, Brentwood, TN 37027 | Chief Restructuring Officer | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**
☑ No.
☐ Yes. Identify below.

**30. Payments, distributions, or withdrawals credited or given to insiders**
☑ No.
☐ Yes. Identify below.

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**
☐ No.
☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| YesCare Corp. | EIN: 88-0655961 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**
☑ No.
☐ Yes. Identify below.

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct

Executed on          06/23/2026
                     MM / DD / YYYY

/s/ James T. Sprouse                                   Printed name    James T. Sprouse
Signature of individual signing on behalf of the debtor

Position or relationship to debtor          Chief Financial Officer

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**
☑ No
☐ Yes